# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL P. AUSTIN,
    Plaintiff,

v.                                                                                                Case No. 04C1149

POLICE CHIEF GRANT TURNER,
POLICE SERGEANT THOMAS CZARNECKI,
POLICE OFFICER CHRISTOPHER
HECKMAN, and TOWN OF MUKWONAGO,
    Defendants.

## DECISION AND ORDER

Plaintiff Michael Austin, a former Town of Mukwonago police officer, brings this action under 42 U.S.C. § 1983 claiming that defendants, Town police chief Grant Turner and Town police officers Thomas Czarnecki and Christopher Heckman, and the Town itself, violated his right to due process by falsely reporting to the district attorney ("D.A.") that he committed criminal misconduct and thereby coercing his resignation. Plaintiff also brings a supplemental state law claim of abuse of process. Defendants now move for summary judgment.

## I. FACTS

In September 2003, plaintiff and defendant Heckman went to Clayton Long's residence to arrest him on a charge of sexual assault. Long declined to admit the officers to his home, and they entered his home forcibly. The officers arrested Long and charged him with sexual assault and possession of marijuana. Heckman filed a police report concerning the incident, stating that he and plaintiff entered the home based on Long's

being a felony suspect and a flight risk. The Town police department ("department") sent the report to the D.A., who declined to pursue the marijuana charge because of the nature of the entry into the home.

Subsequently, plaintiff filed a supplemental report stating that before entering the home, he and Heckman smelled marijuana. In August 2004, Heckman filed a complaint with the department alleging that plaintiff had included false information in the supplemental report, namely that Heckman had smelled marijuana before entering Long's home. Defendant Turner discussed the matter with the Town's labor attorney and, pursuant to his advice, administratively suspended plaintiff pending further investigation. Turner also forwarded Heckman's complaint and other material about the incident to the D.A.

The D.A. sent a letter to plaintiff asking him to make an appointment to discuss the matter. Plaintiff hired a lawyer and also consulted with his union's lawyer. The D.A. advised plaintiff's lawyer that he believed that plaintiff had included false information in the supplemental report and that he intended to file criminal charges against plaintiff unless he resigned. The D.A. had previously investigated an allegation of misconduct against plaintiff and had not charged him with any wrongdoing. Plaintiff had slightly more than two months to decide what to do after the D.A. informed him that he intended to file charges unless he resigned. Plaintiff ultimately resigned. He chose September 17, 2004, the date that he applied for unemployment compensation, as the effective date of his resignation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." <u>Id.</u>

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden by pointing out that there is an absence of evidence to support the non-moving party's case. <u>Id.</u> at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. <u>Id.</u> at 322-23. Neither party may rest on mere allegations or denials in the pleadings, <u>Anderson</u>, 477 U.S. at 248, or upon conclusory statements in affidavits, <u>Palucki v. Sears, Roebuck & Co.</u>, 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." <u>Bank Leumi Le-Israel, B.M. v. Lee</u>, 928 F.2d 232, 236 (7th Cir. 1991).

3

## III. DISCUSSION

**A.    Due Process Claim**

The Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Plaintiff alleges that defendants deprived him of his property interest in his job by getting the D.A. to coerce him to resign. In effect, plaintiff alleges that defendants constructively discharged him to avoid having to utilize the termination procedures provided by state law. Constructively discharging an employee from a position in which he has a protectable property interest may be actionable under § 1983. Yearous v. Niobrana County Mem. Hosp., 128 F.3d 1351, 1355 (10th Cir. 1997).

In addressing defendants' motion, I ask first whether a reasonable factfinder could conclude that defendants deprived plaintiff of property. Defendants acknowledge that plaintiff had a property interest in continued employment as a Town police officer. They argue, however, that they did deprive him of this property interest because they did not constructively discharge him; rather, he voluntarily resigned. If plaintiff resigned of his own free will, he relinquished his property interest voluntarily, and therefore defendants did not deprive him of property without due process. See Dixon v. City of New Richmond, 334 F.3d 691, 695-96 (7th Cir. 2003); see also Flynn v. Sandahl, 58 F.3d 283, 289 (7th Cir. 1995); Alvarado v. Picur, 859 F.2d 448, 453 (7th Cir. 1988).

An employee who resigns is presumed to have done so voluntarily. Alvarado, 859 F.2d at 453. To overcome this presumption, plaintiff must establish that defendants' conduct effectively deprived him of free choice in the matter. Angarita v. St. Louis County,

4

981 F.2d 1537, 1544 (8th Cir. 1992). In determining whether plaintiff resigned voluntarily, I apply an objective standard and consider the totality of the circumstances. Yearous, 128 F.3d at 1356. I pay particular attention to the following factors: (1) whether the defendant offered the employee an alternative to resignation; (2) whether the employee understood the nature of the choice offered to him; (3) whether the employee had a reasonable time in which to choose; (4) whether the employee had the opportunity to choose the effective date of his resignation; and (5) whether the employee had the advice of counsel. Hargray v. City of Hallandale, 57 F.3d 1560, 1568 (11th Cir. 1995); see also Angarita, 981 F.2d at 1544. "A resignation resulting from a choice between resigning or facing proceedings for dismissal is not tantamount to discharge by coercion." Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982); see also Spreen v. Brey, 961 F.2d 109, 112 (7th Cir. 1992). Although it is not necessarily coercive for an employer to threaten criminal prosecution if an employee will not resign, Alvarado, 859 F.2d at 453, such a threat "is deemed coercive if the former employee demonstrates that the employer knew or believed that the criminal charges were false," Walsh v. City of Chi., 712 F. Supp. 1303, 1309 (N.D. Ill. 1989) (citing Rich v. Mitchell, 273 F.2d 78 (D.C. Cir. 1959)).

In the present case, no reasonable juror could conclude that defendants coerced plaintiff's resignation. Leaving aside the fact that plaintiff resigned in response to the D.A.'s statements rather than defendants', the above factors all indicate that plaintiff resigned voluntarily. First, the D.A. offered plaintiff an alternative to resigning, namely facing charges. Had plaintiff accepted this alternative, he could have contested the accusation against him. Plaintiff argues that the department would have discharged him regardless of the outcome of the criminal case, however, nothing in the record supports this assertion.

Second, plaintiff understood the nature of the choice he was given. He deliberated about the matter at considerable length. Third, plaintiff had sufficient time to come to a decision – over two months. Neither the D.A. nor the defendants rushed him in any way. Fourth, plaintiff selected his termination date. Fifth, plaintiff decided to resign after consulting with counsel. He hired his own lawyer and also consulted his union's lawyer. Thus, plaintiff has presented insufficient evidence to enable a reasonable jury to conclude that his resignation was other than voluntary.

Plaintiff also argues that defendants knew that the allegations against him were false. However, he presents no evidence supporting this assertion. He also presents no evidence that defendants coerced the D.A. into acting as he did. Thus, no reasonable juror could conclude that defendants deprived plaintiff of a property interest without due process. Further, by resigning, plaintiff waived any procedural protections to which he was entitled upon discharge. See Stone v. Univ. of Md. Sys. Corp., 855 F.2d 167, 173 n.7 (4th Cir. 1988) (discussing the resignation of a public employee as both a barrier to a claim of deprivation of a protected interest and as a waiver of the procedural protections that would be triggered by a deprivation).

As a secondary argument, plaintiff contends that defendants deprived him of a liberty interest. A state may infringe on an employee's liberty interest when the loss of a job stigmatizes that employee such that it forecloses "his freedom to take advantage of other employment opportunities" and the state does not afford the employee some procedural opportunity to clear his name. Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972). In the Seventh Circuit, "when an employee claims that a government employer has infringed his liberty to pursue the occupation of his choice, the employee must show that

6

Case 2:04-cv-01149-LA   Filed 08/31/06   Page 6 of 7   Document 37

(1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publically disclosed and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." Townsend v. Vallas, 256 F.3d 661, 669-70 (7th Cir. 2001). In the present case, plaintiff fails to present sufficient evidence to enable a reasonable juror to find that defendants wrongfully deprived him of a liberty interest. Plaintiff presents no evidence that defendants disclosed information about the matter to the public and acknowledges that he has not sought other work in law enforcement.

**B.     Abuse of Process Claim**

As previously stated, plaintiff also brings a supplemental state law abuse of process claim. Where a federal court dismisses a plaintiff's federal claims before trial, "judicial economy, convenience, fairness, and comity" will generally indicate that jurisdiction over state law claims be relinquished. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Because I have dismissed plaintiff's federal claims, I decline to exercise jurisdiction over his state claim under 28 U.S.C. § 1367.

Therefore,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's case is **DISMISSED.**

**IT IS ADDITIONALLY ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31 of August, 2006.

/s_____
LYNN ADELMAN
District Judge

7